UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID DESSERT,<br>    Plaintiff | :<br>:<br>: |
| v. | :    C.A. No.: |
| 4 TRADES CONSTRUCTION, LLC,<br>JOAQUIM S. CARDOSO, and<br>BRUNO DUARTE,<br>    Defendants | :<br>:<br>:<br>:<br>: |

## COMPLAINT

### I. Introduction

This is an action brought by the Plaintiff against the Defendants seeking compensatory and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, to remedy the unlawful conduct the Plaintiff suffered in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*, and the Rhode Island Prevailing Wage Act ("RIPWA"), R.I.G.L. §37-13-1, *et seq.*

### II. Parties

1. The Plaintiff, David Dessert, is a resident of the City of Pawtucket, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FLSA, the RIMWA, and the RIPWA, employed by Defendant 4 Trades Construction LLC.

2. Defendant 4 Trades Construction, LLC ("4 Trades") is a Rhode Island corporation that maintains a regular place of business in the City of Pawtucket, County of Providence, State of Rhode Island.

3. At all relevant times, Defendant Joaquim S. Cardoso ("Cardoso") owned, operated, managed, and/or controlled Defendant 4 Trades and was employed by Defendant 4 Trades as a manager or supervisor and directly and indirectly acted in the interests of Defendant 4 Trades relative

to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

4. At all relevant times, Defendant Bruno Duarte ("Duarte") owned, operated, managed, and/or controlled Defendant 4 Trades and was employed by Defendant 4 Trades as a manager or supervisor and directly and indirectly acted in the interests of Defendant 4 Trades relative to its employees, and was, therefore an employer of the Plaintiff within the meaning of the FLSA and the RIMWA.

5. At all relevant times, the Defendants were engaged in the stream of interstate commerce, and were the Plaintiff's employer within the meaning of 29 U.S.C. §203(d); *also see Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein.*

6. The Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through a unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise with the meaning of 29 U.S.C. 203(r).

7. Defendant 4 Trades, at all times hereinafter mentioned, had annual gross volume of sales made or business done in the amount of not less than $500,000.00. Therefore, the Plaintiff has been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. 203(s).

### III. Jurisdiction

8. This Court has jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216, and supplemental jurisdiction over the Plaintiff's claims under the RIMWA and the RIPWA pursuant to 28 U.S.C. §1367.

### IV. Venue

9. Venue is proper in this Court insofar as the Defendants are residents of or are doing business in Rhode Island and therefore are deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

#### A. Wage Violations

10. In or about August, 2016, the Plaintiff was hired by Defendant 4 Trades as a foreman.

11. The Plaintiff was paid at an hourly rate of $21.00 per hour.

12. During the duration of the Plaintiff's employment at Defendant 4 Trades, the Defendants required the Plaintiff to work hours in excess of forty (40) hours in various workweeks without regular pay or overtime pay.

13. During several workweeks, the Plaintiff was required to work Saturdays and received no compensation for such work.

14. The FLSA and the RIMWA requires an employer to pay its employees a minimum wage for each hour worked. 29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

15. The FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half times (1 ½) their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. §207(a)(1); R.I.G.L. §28-12-4.1.

16. The FLSA and the RIMWA exempt certain "bona fide executive, administrative, or professional" from its minimum wage and overtime provisions. 29 U.S.C. §213(a)(1); *see also* R.I.G.L. §28-12-4.3. The exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the U.S. Department of Labor wage and hour regulations. 29 C.F.R. §541, *et seq.*

17. The Plaintiff's primary job duties were not managerial in nature and he held no authority to hire or fire other employees. 29 C.F.R. § 541.100(a)

18. The Plaintiff's primary duties were not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations[,]'" so as to satisfy the first prong of the duties test. 29 C.F.R. §541.205(c)(2).

19. Nor did the Plaintiff's primary job duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise," so as to satisfy the second prong of the duties test. 29 C.F.R. §541.207(d)(2)(emphasis added).

20. Despite the fact that the Plaintiff was a non-exempt employee, the Defendants failed to pay the Plaintiff regular wages and overtime premiums on numerous workweeks as required by the FLSA and the RIMWA.

21. On or about June 20, 2017, the Defendants terminated the Plaintiff from his employment at Defendant 4 Trades.

22. That the Defendants failed and/or refused to pay the Plaintiff for his unpaid wages or compensation, including the above-described hours and for all hours worked during his final workweek, on the next regular payday in violation of R.I.G.L. 28-14-4.

23. The Defendants have willfully, recklessly, and repeatedly violated the provisions of the FLSA and the RIMWA by failing to pay the Plaintiff at the minimum wage for each hour worked and by employing the Plaintiff for workweeks longer than forty hours (40) without compensating him

for his employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times his regular rate at which he was employed.

24. As a proximate result of Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, costs incurred due to legal expenses, and other great harm.

### B. Prevailing Wage Violations

25. At all relevant times, the Plaintiff was an "employee" of Defendant 4 Trades as defined under R.I.G.L. §37-13-7(c).

26. Throughout the Plaintiff's employment at Defendant 4 Trades, Defendant 4 Trades contracted with the State of Rhode Island, political subdivisions thereof, and/or public agencies or quasi-public agencies for construction, alterations, and/or repair work to public buildings or public works of the State of Rhode Island, political subdivisions thereof, and/or public agencies or quasi-public agencies.

27. During all relevant time periods, Defendant 4 Trades provided framing, carpentry, insulation, drywall, and/or other construction, alterations, and/or repair work at state and municipal buildings and facilities.

28. That Defendant 4 Trades failed and/or refused to pay the Plaintiff the prevailing rate of the regular, holiday, and overtime wages and other fringe benefits relative to said public works contracts, as set forth in R.I.G.L. §37-13-7.

29. Defendant 4 Trades' unlawful actions and/or omissions are in violation of the RIPWA and were motivated by malice and ill will toward the Plaintiff, and Defendant 4 Trades' actions were taken with reckless, willful and callous indifference to the statutorily protected rights of the Plaintiff.

30. As a proximate result of Defendant 4 Trades' acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, costs incurred due to legal expenses, and other great harm.

### C. Unlawful Termination

31. On several occasions throughout his employment, the Plaintiff complained to Defendants Cardoso and Duarte that he was not being properly compensated for all regular and overtime hours and that he was not being paid at the prevailing rate for public works contract jobs.

32. Due to his complaints, the Plaintiff was subjected to workplace discrimination by Defendants, including, but not limited to, verbal reprimands, threats to eliminate the Plaintiff's use of a company vehicle and eventual removal of the company vehicle, and threats to terminate the Plaintiff's employment.

33. On or about June 20, 2017, because he reported wage violations to Defendants Cardoso and Duarte, the Plaintiff was terminated from his employment at Defendant 4 Trades.

34. By terminating the Plaintiff, the Defendants discriminated and retaliated against the Plaintiff in violation of section 29 U.S.C. 215(a)(3) and R.I.G.L. §37-13-17(h).

35. Defendants' unlawful discriminatory actions and/or omissions are in violation of the FLSA and the RIPWA were motivated by malice and ill will toward the Plaintiff, and Defendants' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

36. As a proximate result of Defendants' discriminatory acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, incur costs due to legal expenses, and suffer other great harm.

### VI. Claims for Relief

37. The Plaintiff incorporates the allegations contained in ¶¶1 through 36 above in the counts set forth below.

## Count One
## Violation of FLSA, 29 U.S.C. §206

38. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

## Count Two
## Violation of FLSA, 29 U.S.C. §207

39. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

## Count Three
## Violation of FLSA, 29 U.S.C. §215(a)(3)

40. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage violations, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

## Count Four
## Violation of the RIMWA, R.I.G.L. §28-12-1, *et seq.*

41. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff

for all hours worked and overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

### Count Five
### Violation of the RIPWA, R.I.G.L. §37-13-1, *et seq.*

42. Defendant 4 Trades, by its acts and/or omissions, including, but not limited to, those described herein, violated the Rhode Island Prevailing Wage Act by failing or refusing to pay the Plaintiff the prevailing rate of regular, holiday, and overtime wages and other fringe benefits, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. 37-13-17.

### Count Six
### Violation of the RIPWA, R.I.G.L. §37-13-17(h)

43. Defendant 4 Trades, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIPWA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage violations, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §37-13-17(h).

### VII.   Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. a declaratory judgment declaring that the Defendants willfully violated the requirements under the FLSA, the RIMWA, and the RIPWA in the manner complained of herein;

2. in the alternative, a declaratory judgment declaring that the Defendants violated the FLSA, the RIMWA, and the RIPWA in the manner complained of herein;

3. an award of compensatory damages, plus pre-judgment interest thereon;

4. an award of liquidated damages pursuant to 29 U.S.C. §216(b), R.I.G.L. §28-14-19.2, R.I.G.L. 37-13-17(e) and (h);

5. an award of reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. §216(b), R.I.G.L. §28-14-19.2, and R.I.G.L. 37-13-17(d) and (h);

6. an award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2; and,

7. an award of such other and further relief as this Honorable Court deems just and proper.

### VII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, and Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
FORMISANO & COMPANY, P.C.

Dated: October 3, 2017

/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 3rd day of October, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano